UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VIVEK BAINS,

Petitioner,

v.

KRISTI NOEM, et al.,

Respondents.

No. 1:25-cv-01998-DAD-EFB (HC)

FINDINGS AND RECOMMENDATIONS

Pending before the court is petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. On December 30, 2025, the District Court converted petitioner's motion for temporary restraining order into a motion for preliminary injunction and granted it; ordered respondents to immediately release petitioner from custody on the same conditions he was subject to immediately prior to his October 16, 2025, detention; and enjoined and restrained respondents from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden to demonstrate a change in circumstances justifying petitioners re-detention. ECF No. 8.

Subsequently, respondents filed a response to the petition that reiterates the arguments respondents had raised in opposition to the motion for preliminary injunction.[1] ECF No. 10; *see*

---

[1] Respondents titled this pleading, "Opposition to Motion for a Temporary Restraining Order," but the undersigned construes it as an response to the petition for writ of habeas corpus,

1

ECF No. 7.  Petitioner has not filed a Reply to that response and the deadline to do so has expired.  *See* ECF No. 9.  For the reasons set forth below, the undersigned finds petitioner has demonstrated his entitlement to relief and recommends the petition be granted.

## BACKGROUND

In his verified petition, petitioner alleges that he is a citizen and national of India who entered the United States on October 1, 2023.  ECF No. 1 at 4, Ex. A.  On October 4, 2023, he was detained by the Department of Homeland Security (DHS) and subsequently released on an Order of Release on Recognizance under a program of supervised release.  ECF No. 1 at 1, 4 & Ex. C at 4.  That day, as well, DHS served petitioner with a Notice to Appear that designated him as "an alien present in the United States who has not been admitted or paroled" and charged him with removability pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act.  ECF No. 1 at 4, Ex. A.  Since then, petitioner has complied with all the conditions of his supervision and acquired no criminal history.  ECF No. 1 at 4.

On October 16, 2025, petitioner was arrested by an agent of Immigrations and Customs Enforcement (ICE) at a routine check-in appointment.  ECF No. 1 at 2.  On December 2, 2025, an Immigration Judge held a custody redetermination hearing and denied his request for release, stating that it lacked jurisdiction under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).  *Id*. at 2, Ex. B.

Petitioner initiated this action on December 23, 2025, ECF No. 1, and concurrently moved for a temporary restraining order.  ECF No. 2.  On December 23, 2025, the District Court issued a minute order directing respondents to file an opposition to petitioner's motion for a temporary restraining order in which they "substantively address whether any provision of law or fact in this case would distinguish it from this court's decision in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), *O.A.C.S. v. Wofford*, No. 1:25-cv-01652-DAD-CSK (HC), 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025), and other similar

given that respondents filed it after the motion for a temporary restraining order had been granted and within the time that the court had ordered respondents to file a response or answer to the petition.  *See* ECF No. 9.

2

cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable." ECF No. 6.  On December 29, 2025, respondents filed an opposition to the motion for temporary restraining order, in which they asserted petitioner was properly detained under 8 U.S.C. § 1225(b)(2) but acknowledged that there were no factual or legal differences in petitioner's case that render it distinct from those cases cited in the Court's minute order.  ECF No. 7 at 2-4.  Respondents did not oppose the conversion of the motion for temporary restraining order to a motion for preliminary injunction.  *Id*. at 4.

On December 30, 2025, the District Court converted the motion for a temporary restraining order to a motion for preliminary injunction and granted it by minute order, ordering:

> On 12/24/25, the court set a briefing schedule and directed respondents to address whether any provision of law or fact in this case would distinguish this case from the circumstances addressed in this courts recent decisions in Ayala Cajina v. Wofford, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), O.A.C.S. v. Wofford, No. 1:25-cv-01652-DAD-CSK (HC), 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025), and other similar cases previously decided by this court. On 12/29/2025, respondents filed their opposition (Doc. No. 7 ) to petitioners motion. Respondents concede therein that there are no factual or legal issues in this case that render it distinct from the courts prior orders. (Doc. No. 7 at 4). Respondents also state that they do not oppose treating the temporary restraining order as a motion for preliminary injunction, and they do not request a hearing on the latter motion. (Doc. No. 7 at 4). Accordingly, pursuant to the courts reasoning as stated in Ayala Cajina and O.A.C.S., petitioners motion for a temporary restraining order (Doc. No. 7 ) is CONVERTED into a motion for preliminary injunction and is GRANTED, and the court ORDERS the following: (1) respondents are ORDERED to immediately release petitioner from respondents custody on the same conditions he was subject to immediately prior to his October 16, 2025, detention; (2) respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden to demonstrate a change in circumstances justifying petitioners re-detention.

ECF No. 8.  The District Court referred the matter to the undersigned for further proceedings, *id*., and, the following day, the undersigned directed respondents to file a response to the petition and set a deadline for petitioner to file any reply.  ECF No. 9.  On January 17, 2026, respondents timely filed a responsive brief.  ECF No. 10.  Petitioner has not filed a reply.

////

////

3

**LEGAL STANDARD**

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law. *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018). The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence. *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

**DISCUSSION**

In his petition, petitioner asserts six claims for relief, alleging that his detention violates the Immigration and Nationality Act and implementing regulations (count I), his rights to due process under the Fifth Amendment (count II), the Administrative Procedures Act (count III), his rights to equal protection under the Fifth Amendment (count IV), the Suspension Clause (count V), and the *Accardi* doctrine (count VI). ECF No. 1. Based on the record before the court, the undersigned finds that petitioner has shown that his detention violates his right to procedural due process under the Fifth Amendment and recommends the writ be granted.

Petitioner has shown by a preponderance of evidence that his detention without a bond hearing violates his right to procedural due process under the Fifth Amendment. *See* ECF No. 1 at 12-14. To determine whether detention violates a petitioner's Fifth Amendment procedural due process rights, courts weigh: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). For the reasons set forth in the District Court's November 21, 2025 Order in *Cajina v. Wofford*, No. 1:25-CV-01566-DAD-AC (HC), 2025 WL 3251083, at *4 (E.D. Cal. Nov. 21, 2025), and December 4, 2025 Order in *O.A.C.S. v. Wofford*, No. 1:25-CV-01652-DAD-CSK (HC), 2025 WL 3485221, at *3 (E.D. Cal. Dec. 4, 2025), petitioner has shown that he has a substantial protected liberty interest in his freedom from detention. *See* ECF No. 8; *see also Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, at 6 (E.D. Cal. Dec. 8, 2025); *Souza v. Robbins*,

4

No. 1:25-CV-01597-DJC-JDP, 2025 WL 3263897, at *3 (E.D. Cal. Nov. 23, 2025).  Since petitioner's release after his initial entry to the United States, petitioner developed "enduring attachments of normal life" legally indistinguishable from those experienced by a criminal parolee.  *See Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); *see also O.A.C.S.*, No. 1:25-CV-01652-DAD-CSK (HC), 2025 WL 3485221, at *3.

Petitioner also has demonstrated that the second *Mathews* factor weighs in his favor.  Without an individualized bond hearing, "the risk of erroneous deprivation," *see Mathews*, 424 U.S. at 335, through petitioner's summary detention is considerable.  Petitioner's detention is only justified when the noncitizen poses a flight risk or a danger to the community.  *See* 8 U.S.C. § 1226(a); *Zadvydas*, 533 U.S. at 690.  Without an individualized bond determination by a neutral factfinder in order to determine whether his continued detention is legally justified, the risk of erroneous deprivation of petitioner's protected liberty interests is great.  *See Cajina*, No. 1:25-CV-01566-DAD-AC (HC), 2025 WL 3251083, at *4; *see also Demore*, 538 U.S. 510; *Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025); *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).  Correspondingly, the probative value of the additional procedural safeguards petitioner seeks—a determination of petitioner's bond-worthiness based on individualized facts, by a neutral factfinder—is high.  *See Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4.

Petitioner also has shown that the third *Mathews* factor weighs in his favor.  "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions."  *Hernandez*, 872 F.3d at 994.  The effort and cost required to provide petitioner with procedural safeguards are minimal.  *See Cajina,* No. 1:25-CV-01566-DAD-AC (HC), 2025 WL 3251083, at *5; *Khan v. Noem, et al.*, No. 1:25-CV-01411-EPG-HC, 2025 WL 3089352, at *7 (E.D. Cal. Nov. 5, 2025) ("In immigration court, custody hearings are routine and impose a 'minimal' cost." (citations

omitted)).

Accordingly, the undersigned finds respondents' interest in detaining petitioner without an individualized bond determination, at a hearing before a neutral factfinder, is low and does not outweigh petitioner's substantial liberty interest or the risk of the erroneous deprivation of same. Petitioner has thereby shown by a preponderance of evidence that his detention violates his rights under the due process clause of the Fifth Amendment, entitling him to relief on the second claim of his petition.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1) Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2) Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden to demonstrate a change in circumstances justifying petitioners re-detention.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 24, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6